❑ Original    ❑ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>information associated with the Kik account: "daddcumplay_245", username<br>"daddcumplay" with associated email address "cddiel@wi.rr.com," that is<br>stored at premises owned, maintained, controlled, or operated by<br>MediaLab/Kik with company headquarters at 1237 7th Street, Santa Monica,<br>CA 90401 | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.23-914M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B-2

**YOU ARE COMMANDED** to execute this warrant on or before 5/9/2023 _____ *(not to exceed 14 days)*
❑ in the daytime 6:00 a.m. to 10:00 p.m.    xx❑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Honorable Nancy Joseph _____ .
*(United States Magistrate Judge)*

❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❑ for _____ days *(not to exceed 30)*    ❑ until, the facts justifying, the later specific date of _____ .

Date and time issued:4/25/2023 @ 11:01 a.m. _____

_____
*Judge's signature*

City and state:   Milwaukee, WI _____

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**Attachment A-2**
**Property to be Searched**

This warrant applies to information associated with the Kik account: "**daddcumplay_245**", username "daddcumplay" with associated email address "cddiel@wi.rr.com," that is stored at premises owned, maintained, controlled, or operated by MediaLab/Kik with company headquarters at 1237 7th Street, Santa Monica, CA 90401.

Case 2:23-mj-00914-NJ   Filed 04/25/23   Page 3 of 29   Document 1

**Attachment B-2**
**Particular Things to be Seized**

## I.     Information to be disclosed by MediaLab/Kik

To the extent that the information associated with the account described in Attachment A2 is within the possession, custody, or control of MediaLab/Kik regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to MediaLab/Kik, or have been preserved pursuant to a request made, MediaLab/Kik is required to disclose the following information to the government for each account or identifier listed in Attachment A2:

   a. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

   b. The types of service utilized by the user;

   c. All records or other information stored by an individual using the account, including saved communications, image files or video files;

   d. All records pertaining to communications between MediaLab/Kik and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within l4 days of issuance of this warrant.

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of l8 U.S.C. 2252(a)(2), 2251(a), and 2252(a)(4)(B) involving the

20

account described in Attachment A2 since **January 1, 2023**, including, for each account or identifier listed on Attachment A2, information pertaining to the following matters:

a. Images of child pornography, as defined in 18 U.S.C. 2256.

b. Any record or document pertaining to the possession, receipt, and/or distribution of child pornography, as defined in 18 U.S.C. 2256.

c. Any record or document identifying persons transmitting, through interstate commerce, including by computer, any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

d. Any record or document bearing on the receipt, shipment, orders, requests, trades, purchases or transactions of any kind involving the transmission through interstate commerce, including by computer, of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

e. Any record or document pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the receipt, distribution, trade, or transmission, through interstate commerce, of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

f. Any record or document which lists names and addresses of any minor visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

g. Any record or document which shows the offer to transmit through interstate commerce any depictions of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

h. Any and all materials or items which are sexually arousing to individuals who are interested in minors, but which are not in and of themselves obscene or which do not necessarily depict minors involved in sexually explicit conduct. Such material is commonly known as, "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, missing children, investigative techniques of child exploitation, sexual disorders, pedophilia, nudist publications, diaries, and fantasy writings. "Child erotica," may also include, in this context, sex aids and/or toys.

21

i. Electronically stored communications or messages reflecting computer online chat sessions or e-mail messages with, or about, a minor that are sexually explicit in nature, as defined in lg U.S.C. $ 2256.

j. The identity of the person(s) who created or used the account listed in Attachment A2, including records that help reveal the whereabouts of such person(s).

k. The identity of the person(s) who communicated with the account listed in Attachment A2 about matters relating to 18 U.S.C. 2252A(a)(2) and 2252A(a)(S)(B), including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records, and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant, The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.

22

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>information associated with the Kik account: "daddcumplay_245", username<br>"daddcumplay" with associated email address "cddiel@wi.rr.com," that is stored<br>at premises owned, maintained, controlled, or operated by MediaLab/Kik with<br>company headquarters at 1237 7th Street, Santa Monica, CA 90401 | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.23-914M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-2

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-2

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251(a)(2) | Attempted Production of Child Pornography |
| 18 U.S.C. 2252(a)(4)(B) | Possession of Child Pornography |

The application is based on these facts:

See Attached Affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Sarah Dettmering, Special Agent, FBI
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____

telephone _____ *(specify reliable electronic means)*.

Date:4/25/2023

_____
*Judge's signature*

City and state:   Milwaukee, WI       Honoroable Nancy Joseph, U.S. Magistrate Judge
_____
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Sarah Dettmering, being first duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for information associated with a certain Snapchat account that is stored at premises owned, maintained, controlled, or operated by Snap Inc., a company headquartered in Santa Monica, California; as well as a certain Kik account that is stored at premises owned, maintained, controlled or operated by MediaLab/Kik, a company headquartered in the Central District of California.  The information to be searched is described in the following paragraphs and in Attachment A1 and Attachment A2.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Snap, Inc. and MediaLab/Kik to disclose to the government records and other information in their possession, pertaining to the subscriber or customer associated with the respective accounts.

2.     I have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) since January 2018 and am currently assigned to the Milwaukee Division as a member of the Milwaukee Child Exploitation and Human Trafficking Task Force. My duties include investigating criminal violations relating to child sexual exploitation and child pornography. While employed by the FBI, I have investigated federal criminal violations related to child exploitation and child pornography.  I have received training from the FBI specific to investigating child pornography and child exploitation crimes and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media.  As a result of my training, experience, and discussions with other law enforcement officers assigned to

investigate child pornography and child exploitation, I am familiar with methods by which electronic devices are used as the means for receiving, transmitting, possessing, and distributing images and videos depicting minors engaged in sexually explicit conduct. I have also received training and gained experience in interview and interrogation techniques with enhanced training specific to cybercrimes, social media search warrants, residential search warrants, interviews and interrogations of subjects of criminal investigations, electronic device identification and forensic review.

3.    The facts contained in this affidavit are known to me through my personal knowledge, training, and experience, and through information provided to me by other law enforcement officers, who have provided information to me during the course of their official duties and whom I consider truthful and reliable.

4.    Based upon the information described below, I submit that probable cause exists to believe that the user of the Snapchat account in the name of "daddy531968" (SUBJECT ACCOUNT 1) and the Kik account in the name of "daddcumplay_245" (SUBJECT ACCOUNT 2), collectively "SUBJECT ACCOUNTS" has committed the crimes of attempted production of child pornography, in violation of Title 18, United States Code, Section 2251(a)(2) and possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B). I further submit that evidence relating to this crime, more particularly described in Attachment B1 and Attachment B2, can be found in the contents of the SUBJECT ACCOUNTS, more particularly described in Attachment A1 and Attachment A2. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2

## JURISDICTION

5.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. 2711. 18 U.S.C. 2703(a), (b)(1)(A), & (c)(l)(A). Specifically, the court is "a district court of the United States, that has jurisdiction over the offense being investigated." 18 U.S.C. 2711(3)(A)(i).

## DEFINITIONS

6.     The following definitions apply to the Affidavit and Attachment B1 and Attachment B2 to this Affidavit:

        a.     "Child Pornography" is defined in 18 U.S.C. § 2256 as any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. Child pornography is also commonly referred to as Child Sexual Abuse Material, or "CSAM."

        b.     "Chat," as used herein, refers to any kind of text communication over the Internet that is transmitted in real-time from sender to receiver. Chat messages are generally short in order to enable other participants to respond quickly and in a format that resembles an oral conversation. This feature distinguishes chatting from other text-based online communications such as Internet forums and email.

        c.     The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between

3

devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

d.      "An Internet Protocol address" (IP address) is a unique numeric address used by internet-enabled electronic storage devices to access the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every electronic storage device attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that electronic storage device may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static that is, long-term IP addresses, while other computers have dynamic that is, frequently changed IP addresses.

e.      "Minor" means any person under the age of eighteen years. See 18 U.S.C. § 2256(1).

f.      The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including writings and drawings), photographic form (including prints, negatives, videotapes, motion pictures, and photocopies), mechanical form (including printing and typing) or electrical, electronic or magnetic form (including tape recordings, compact discs, electronic or magnetic storage devices such as hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, smart cards, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

4

g.     "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2).

h.     "Visual depictions" include undeveloped film and videotape, and data stored on a computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

i.     "Website" consists of text pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from the web servers to various web clients via Hyper-Text Transport Protocol.

## BACKGROUND ON KIK

7.     Kik is a free instant-messaging application for mobile devices. Kik uses a mobile device's data plan or Wi-Fi to transmit and receive messages. Kik allows users to share photographs, sketches, mobile webpages, linked internet files, and other content.  To use this application, a user downloads the application to a mobile phone or other mobile device via a service such as Google Play Store, Apple iTunes, or another similar provider. Once downloaded and installed, the user is prompted to create an account and username. The user also has a display name, which is what other users see when transmitting messages back and forth. Once the user has created an account, the user is able to locate other users via a search feature and the two parties can then send each other messages, images, and videos.

5

8.     During the registration process, Kik registers date, time, internet protocol (IP) address, and device related information. The username is the only unique identifier used by Kik. According to the Kik Law Enforcement Guide, a Kik username is unique and can never be replicated or changed. Kik users are also able to create chat groups of up to 50 people to communicate in a group setting and exchange images and videos. These groups are administered by the group creator who has the authority to remove and ban other users from the group. Once the group is created, Kik users can share a link to the group with any other Kik user.

## BACKGROUND ON SNAPCHAT

9.     Snapchat is a mobile application made by Snap Inc. and available through the iPhone App Store and Google Play Store. The Snapchat app provides users a way to share moments with photos, videos, and chats.

10.     Snaps are photos or videos taken using the Snapchat app's camera on an individual's mobile device, and may be shared directly with the user's friends, or in a Story (explained below) or Chat. Snap Inc.'s servers are designed to automatically delete a Snap after it has been opened by all intended recipients. Snap's servers are designed to automatically delete an unopened Snap sent directly to a recipient after 30 days and an unopened Snap in Group Chat after 24 hours.

11.     A user can add Snaps to their "Story". A Story is a collection of Snaps displayed in chronological order. Users can manage their privacy settings so that their Story can be viewed by all Snapchatters, their friends, or a custom audience. A user can also submit their Snaps to our crowd-sourced service "Our Story", which enables their Snaps to be viewed by all Snapchatters in Search and Snap Map. Snap Inc.'s servers are designed to automatically delete

6

a Snap in a user's Story 24 hours after the user posts the Snap, but the user may delete part or all of the Story earlier. Submissions to Our Story may be saved for longer periods of time.

12.    Memories is Snapchat's cloud-storage service. Users can save their sent or unsent Snaps, posted Stories, and photos and videos from their phone's photo gallery in Memories. Content saved in Memories is backed up by Snap Inc. and may remain in Memories until deleted by the user. Users may encrypt their content in Memories (called "My Eyes Only"), in which case the content is not accessible to Snap Inc and ca.nnot be decrypted by Snap Inc.

13.    A user can type messages, send Snaps, audio notes, and video notes to friends within the Snapchat app using the Chat feature. Our servers are designed to automatically delete one-to-one chats once the recipient has opened the message and both the sender and recipient have left the chat screen, depending on the user's chat settings. Snap Inc.'s servers are designed to automatically delete unopened one-to-one chats in 30 days. Users can also chat in groups. Chats sent in groups are deleted after 24 hours whether they are opened or not. A user can save a message in Chat by pressing and holding the message. The user can un-save the message by pressing and holding it again. This will delete it from Snap Inc.'s servers. Users can also delete chats that they have sent to a recipient before the recipient has opened the chat or after the recipient has saved the chat.

14.    If a user has device-level location services turned on and has opted into location services on Snapchat, Snap Inc. will collect location data at various points during the user's use of Snapchat, and retention periods for location data vary depending on the purpose of the collection. Users have some control over the deletion of their location data in the app settings.

**BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE**

15.     On or about March 21, 2023, an FBI Online Covert Employee (FBI-OCE) obtained consent to assume the online identity of a minor female ("MF"), date of birth June 2007, using the girl's Snapchat account ("VICTIM ACCOUNT").

16.     FBI-OCE reviewed the contents of the VICTIM ACCOUNT which showed that MF communicated with SUBJECT ACCOUNT 1, with the earliest visible message on February 3, 2023. SUBJECT ACCOUNT 1's display name on Snapchat was "Cumplay[devil emoji][devil emoji][fire emoji][fire emoji]."

17.     Further review of the VICTIM ACCOUNT showed that MF sent multiple images and videos to the SUBJECT ACCOUNT 1 which are consistent with the definition of Child Sexual Abuse Material (CSAM). These images had been saved in the chat. The user of SUBJECT ACCOUNT 1 sent multiple images of an adult male's penis and videos of an adult male masturbating. These images were also saved in the chat.

18.     FBI-OCE provided a screen-recording of the Snapchat chats between the VICTIM ACCOUNT and SUBJECT ACCOUNT 1 to FBI Milwaukee, and I subsequently reviewed them. The dates and times indicated in the following paragraphs are what was shown in the screen-recording of the VICTIM ACCOUNT, it is likely these times are not in Central Standard Time.

19.     The first saved image in the chats between the VICTIM ACCOUNT and SUBJECT ACCOUNT 1 was dated February 3, 2023, and the time stamp showed 10:39 PM. This image showed a minor female, approximately fourteen (14) to sixteen (16) years old, taking a picture of herself in a mirror with her shirt pulled up to expose her chest. The girl was wearing a bra. Shortly

8

after, eight (8) additional sexually explicit images were sent by the VICTIM ACCOUNT. At approximately 10:51 PM the SUBJECT ACCOUNT 1 sent an image of an adult male's penis.

20.     On or about February 4, 2023, at approximately 8:24 AM SUBJECT ACCOUNT 1 sent the VICTIM ACCOUNT a video of an adult male masturbating.

21.     The SUBJECT ACCOUNT 1 and the VICTIM ACCOUNT continued to share explicit images and videos with each other. On or about February 9, 2023, at approximately 7:44 PM the VICTIM ACCOUNT sent SUBJECT ACCOUNT 1 a video of a minor female, approximately fourteen (14) to sixteen (16) years old, completely nude. The girl rubbed her exposed breasts, then spreads her legs and rubbed her nude vagina.

22.     On or about March 2, 2023 (the time stamp was not visible on this video) the VICTIM ACCOUNT sent a video to the SUBJECT ACCOUNT 1 of a minor female, approximately fourteen (14) to sixteen (16) years old, sitting with her legs spread, and her underwear pulled to the side to expose her nude vagina to the camera. The girl was inserting what appeared to be a black comb into her vagina.

23.     On or about April 3, 2023, through approximately April 4, 2023, after FBI-OCE had assumed operation of the VICTIM ACCOUNT, the VICTIM ACCOUNT (VA) re-engaged with SUBJECT ACCOUNT 1 (**SA1**) and the following chat exchange took place:

VA: Hey
**SA1: Hi baby girl how r u**
**SA1: R u going to say hi lol**
VA: Hi. Was grounded. Hate being 16
VA: I hate my parents and sick of fucking school
**SA1: I'm sorry r u still grounded**
VA: Not really
**SA1: Oh nice what u up to**
VA: No much but my parents r all over my ass

9

VA: Do u have Kik?
VA: I rather chat on that
**SA1: Aww I'm sorry. Yess I do may I ask y lol.**
**SA1: daddcumplay is mine**
VA: I'll txt on that in a bit and explain
**SA1: No worries sweetie**
**SA1: Ok**

24.     FBI-OCE subsequently began to communicate with SUBJECT ACCOUNT 2 via

Kik. FBI-OCE provided FBI Milwaukee with the Kik chats between FBI-OCE and SUBJECT

ACCOUNT 2 which I then reviewed. These chats do not have date and time stamps on them.

25.     During the Kik chat between FBI-OCE (FO) and SUBJECT ACCOUNT 2 (SA2)

the following exchange took place, where FBI-OCE reiterated that FBI-OCE was sixteen (16)

years old:

FO: I hate being 16
**SA2: Do u think they saw anything**
**SA2: I know lol**
FO: No I don't
**SA2: That's good**
FO: Literally 16 sucks
**SA2: I know I've been there A long time ago though lol**
FO: R u talking about the vids we sent each other
**SA2: Yess**
FO: I hope they didn't
**SA2: Me too lol**
**SA2: U r daddy's good girl**

26.     After these messages, where FBI-OCE stated multiple times that FBI-OCE was

sixteen (16) years old, SUBJECT ACCOUNT 2 sent FBI-OCE multiple requests for images/videos

which would be consistent with the definition of CSAM. Examples of these chat exchanges are

described below:

**SA2: Welcome. What u wearing this evening sweetie lol**
FO: Just a tshirt

10

**SA2: Really no panties lol**
FO: Haha no
**SA2: Mmm yess can daddy see lol**
FO: See what daddy
**SA2: U in your shirt with no panties lol**

…

**SA2: Daddy getting hard damn I've missed u baby girl**
FO: Haha how hard
**SA2: Show me your tits I'll show u**
FO: Doing a vid
**SA2: Maybe lol. If u play with nipples**
FO: I will
**SA2: Mmm. Good girl**

…

**SA2: Play with your nipples make daddy cum**
**SA2: [SA2 sent a sexually explicit image of an adult male]**
**SA2: Precum just for u baby girl**
FO: Yum
**SA2: Wish u were here to lick it off**

…

FO: Where u live again
**SA2: Wisconsin**
FO: Oh lol I thought it was Ohio for some reason
**SA2: Can daddy see your tits baby girl. Lol close**

…

**SA2: What u wearing today baby girl**
FO: Nothing still in bed
**SA2: Mmm nice lol daddy see**
FO: Like what u want to see lol
FO: Pic or vid
**SA2: you laying in bed naked or video would be hot**
FO: What does daddy wanna c in the vid
**SA2: Daddy love to see you play with your nipples**
FO: What else

11

**SA2: Then lick your fingers and play with your nipples for daddy you know what no play with you pussy for daddy get your fingers, good and wet and then play with your nipples with your wet fingers**
FO: Anything else
**SA2: Maybe then grab your hairbrush and fuck your sweet young wet pussy with your airbrush like daddy would with my hard cock**
FO: Ok I'll do it daddy
**SA2: Mmm yess that's daddy's good girl. Damn wish I was there to watch live**
FO: K I make it
**SA2: Yess please make it for daddy**
FO: It's done
**SA2: Mmmm yess good girl.**
FO: I even moaned daddy
**SA2: Omfg yess luv to see**

27.     On or about April 5, 2023, the minor female victim (MF) participated in a Child and Adolescent Forensic Interview (CAFI). FBI-OCE provided the following information pertaining to the CAFI to FBI Milwaukee:

        a.      During the CAFI the MF was shown a selfie image that was sent by SUBJECT ACCOUNT 1 which showed an adult male.

        b.      MF recognized the image as a man that MF chatted with on Snapchat.

        c.      MF told the male that MF was sixteen (16) years old.

        d.      MF discussed going on a school field trip during the chats.

        e.      MF sent nude photographs of MF's genitals to the male and the male sent nude photographs of his genitals to MF.

28.     In my training and experience, if a user requests production of one file of CSAM it is likely that they have requested more files from additional victims. Therefore, there is probable cause to believe that the contents of the SUBJECT ACCOUNTS will contain information to assist law enforcement in identifying other minor victims.

29.     On or about April 19, 2023, Snap Inc. and MediaLab/Kik were served with Preservation Requests for the SUBJECT ACCOUNTS by an Operational Support Technician with FBI Milwaukee.

30.     Based upon the provided information, there is probable cause to believe the user of the SUBJECT ACCOUNTS has received more files of CSAM, or has attempted to obtain files of CSAM, and will possess those files in the SUBJECT ACCOUNTS. There is also probable cause to believe that evidence of those violations of federal law will be found in the SUBJECT ACCOUNTS.

## SEARCH PROCEDURE

31.     From my training and experience, I know that Snap Inc. and MediaLab/Kik cannot, on their own, identify individual items of potential evidentiary value within user's account. Accordingly, this search warrant anticipates a multi-step approach for serving the warrant, obtaining responsive information from Snap Inc. and MediaLab/Kik and then searching the responsive information to identify potential evidence.

32.     Pursuant to the Electronic Communications Privacy Act, in particular 18 U.S.C. 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), I will serve the warrant on Snap Inc. and MediaLab/Kik.  Snap Inc. and MediaLab/Kik. will, at a later date, disclose to the government copies of the records and other information (including the content of communications and stored data) particularly described in Attachment B1 and Attachment B2. Once received, the government will search the records and information provided by Snap Inc. and MediaLab/Kik. to locate items and evidence relating to the crimes under investigation, specifically Title 18 U.S.C. 2252, including:

13

a. Messages discussing child pornography;

b. Photographs, videos, or images of child pornography

c. Chats discussing child pornography

d. Chats between the user and any minor;

e. Chats between the user and any known or potential victims

f. Evidence indicating how and when the account was accessed or used, to determine the chronological context of account access, use, and events relating to the crime under investigation and to the account owner;

g. Evidence indicating the account owner's state of mind as it relates to the crime(s) under investigation;

h. All items tending to show who was in control of the account and who used or owned the device(s) associated with this account including email addresses, images, recovery emails, cookies data, geolocation data, documents, IP logs, and other communication records; and

i. All other information or items that constitute fruits, contraband, evidence, or instrumentalities of violations of 18 USC § 2252, those violations involving the Subject Account and occurring since January 1, 2023.

## **CONCLUSION**

23.     Based on the forgoing, I request that the Court issue the proposed search warrants. Because the warrants will be served on Snap Inc. and MediaLab/Kik who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrants at any time in the day or night.

14

**<u>Attachment A-1</u>**
**<u>Property to be Searched</u>**

This warrant applies to information associated with the Snapchat account: username "**daddy531968**" that is stored at premises owned, maintained, controlled, or operated by Snap Inc. with company headquarters at 2772 Donald Douglas Loop North, Santa Monica, California.

15

**Attachment A-2**
**Property to be Searched**

This warrant applies to information associated with the Kik account: "**daddcumplay_245**", username "daddcumplay" with associated email address "cddiel@wi.rr.com," that is stored at premises owned, maintained, controlled, or operated by MediaLab/Kik with company headquarters at 1237 7th Street, Santa Monica, CA 90401.

16

## I.      Information to be disclosed by Snap, Inc.

To the extent that the information associated with the account described in Attachment A1 is within the possession, custody, or control of Snap Inc., regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Snap, Inc., or have been preserved pursuant to a request made, Snap, Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A1:

    a.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    b.  The types of service utilized by the user;

    c.  All records or other information stored by an individual using the account, including saved communications, image files or video files;

    d.  All records pertaining to communications between Snap Inc. and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within l4 days of issuance of this warrant.

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of l8 U.S.C. 2252(a)(2), 2251(a), and 2252(a)(4)(B) involving the

account described in Attachment A1 since **January 1, 2023**, including, for each account or identifier listed on Attachment A1, information pertaining to the following matters:

    a.  Images of child pornography, as defined in 18 U.S.C. 2256.

    b.  Any record or document pertaining to the possession, receipt, and/or distribution of child pornography, as defined in 18 U.S.C. 2256.

    c.  Any record or document identifying persons transmitting, through interstate commerce, including by computer, any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

    d.  Any record or document bearing on the receipt, shipment, orders, requests, trades, purchases or transactions of any kind involving the transmission through interstate commerce, including by computer, of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

    e.  Any record or document pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the receipt, distribution, trade, or transmission, through interstate commerce, of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

    f.  Any record or document which lists names and addresses of any minor visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

    g.  Any record or document which shows the offer to transmit through interstate commerce any depictions of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

    h.  Any and all materials or items which are sexually arousing to individuals who are interested in minors, but which are not in and of themselves obscene or which do not necessarily depict minors involved in sexually explicit conduct. Such material is commonly known as, "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, missing children, investigative techniques of child exploitation, sexual disorders, pedophilia, nudist publications, diaries, and fantasy writings. "Child erotica," may also include, in this context, sex aids and/or toys.

18

i.  Electronically stored communications or messages reflecting computer online chat sessions or e-mail messages with, or about, a minor that are sexually explicit in nature, as defined in lg U.S.C. $ 2256.

j.  The identity of the person(s) who created or used the account listed in Attachment A1, including records that help reveal the whereabouts of such person(s).

k.  The identity of the person(s) who communicated with the account listed in Attachment A1 about matters relating to 18 U.S.C. 2252A(a)(2) and2252A(a)(S)(B), including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records, and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant, The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.

19

<u>**Attachment B-2**</u>
<u>**Particular Things to be Seized**</u>

**I.     Information to be disclosed by MediaLab/Kik**

To the extent that the information associated with the account described in Attachment A2 is within the possession, custody, or control of MediaLab/Kik regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to MediaLab/Kik, or have been preserved pursuant to a request made, MediaLab/Kik is required to disclose the following information to the government for each account or identifier listed in Attachment A2:

    a.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    b.  The types of service utilized by the user;

    c.  All records or other information stored by an individual using the account, including saved communications, image files or video files;

    d.  All records pertaining to communications between MediaLab/Kik and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within l4 days of issuance of this warrant.

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of l8 U.S.C. 2252(a)(2), 2251(a), and 2252(a)(4)(B) involving the

20

account described in Attachment A2 since **January 1, 2023**, including, for each account or identifier listed on Attachment A2, information pertaining to the following matters:

a. Images of child pornography, as defined in 18 U.S.C. 2256.

b. Any record or document pertaining to the possession, receipt, and/or distribution of child pornography, as defined in 18 U.S.C. 2256.

c. Any record or document identifying persons transmitting, through interstate commerce, including by computer, any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

d. Any record or document bearing on the receipt, shipment, orders, requests, trades, purchases or transactions of any kind involving the transmission through interstate commerce, including by computer, of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

e. Any record or document pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the receipt, distribution, trade, or transmission, through interstate commerce, of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

f. Any record or document which lists names and addresses of any minor visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

g. Any record or document which shows the offer to transmit through interstate commerce any depictions of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256.

h. Any and all materials or items which are sexually arousing to individuals who are interested in minors, but which are not in and of themselves obscene or which do not necessarily depict minors involved in sexually explicit conduct. Such material is commonly known as, "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, missing children, investigative techniques of child exploitation, sexual disorders, pedophilia, nudist publications, diaries, and fantasy writings. "Child erotica," may also include, in this context, sex aids and/or toys.

21

i. Electronically stored communications or messages reflecting computer online chat sessions or e-mail messages with, or about, a minor that are sexually explicit in nature, as defined in lg U.S.C. $ 2256.

j. The identity of the person(s) who created or used the account listed in Attachment A2, including records that help reveal the whereabouts of such person(s).

k. The identity of the person(s) who communicated with the account listed in Attachment A2 about matters relating to 18 U.S.C. 2252A(a)(2) and 2252A(a)(S)(B), including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records, and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant, The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.

22